# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60204
Summary Calendar

AMIRALI MAKNOJIA; PARVEEN MAKNOJIA; ATAF AMIRALI MAKNOJIA,
also known as Mak Ahaf Amiral

Petitioners

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 554 911
BIA No. A79 005 449
BIA No. A79 005 448

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioners Amirali Maknojia (Maknojia), his wife Parveen Maknojia, and their son Ataf Amirali Maknojia, natives and citizens of Pakistan, petition this court for review of the Board of Immigration Appeals' (BIA) decision dismissing their appeal of the Immigration Judge's (IJ) removal order. The Petitioners contend that the BIA erred in affirming the IJ's denial of their request for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

continuance pending the Department of Labor's adjudication of Maknojia's application for labor certification. Both the IJ and the BIA determined that Maknojia's pending application for labor certification did not constitute good cause to continue the removal proceedings. This determination was not an abuse of discretion. See Ahmed v. Gonzales, 447 F.3d 433, 438-39 (5th Cir. 2006).

The Petitioners also contend that the IJ's denial of their request for a continuance violated their due process right to pursue an adjustment of status under 8 U.S.C. § 1255(i). This contention is unavailing because "discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection." See id. at 440.

Accordingly, the Petitioners' petition for review is DENIED.[1]

---

[1]We recognize that on April 11, 2006, Parveen Maknojia's I-140 visa petition was approved. However, this evidence was never presented to the BIA and "our review is limited to the administrative record." Miranda-Lores v. INS, 17 F.3d 84, 85 (5th Cir. 1994). Instead, the appropriate course of action is for Petitioners to file a motion to reopen to present such evidence to the BIA. See 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(2).